IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID CLIFFORD PEDDER, JR., TDCJ #01787993, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-0494 |
| MARLEN MARQUEZ, et al., | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate David Clifford Pedder, Jr. (TDCJ #01787993) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against three correctional officers and the warden at the Wynne Unit in Huntsville, Texas, where Pedder is currently incarcerated. Because Pedder proceeds in forma pauperis, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Pedder has filed this lawsuit against the following individual defendants who are employed by the Texas Department of Criminal Justice ("TDCJ") at the Wynne Unit: Sergeant Marlen Marquez; Officer Rachel A. Whitney; Captain C.S. Daigle; and Warden Rocky Moore.[1] Pedder primarily takes issue with an incident that occurred at approximately 3:15 p.m. — 3:30 p.m. on April 19, 2018, while he was working in the laundry department at the Wynne Unit facility.[2] Pedder contends that he "was forced to unclothe himself" under orders from two female officers (Sergeant Marquez and Officer Whitney), who gawked at him while making "facial expressions at Plaintiff's body and genitals" and "sexual remarks at the Plaintiff with the intent to [arouse] their own [gratification] and sexual desire."[3]

On April 27, 2018, Pedder filed a Step 1 Offender Grievance Form regarding the incident, accusing Marquez and Whitney of violating the Prison Rape Elimination Act ("PREA") by committing the offense of "sexual abuse" as defined in "Section 22.01 of the Texas Penal Code."[4] The grievance was returned to Pedder on

---

[1] Complaint, Docket Entry No. 1, p. 3. For purposes of identification all page numbers refer to the pagination imprinted on each docket entry by the court's electronic filing system, ECF.

[2] Id. at 4.

[3] Id. at 4-5.

[4] Step 1 Offender Grievance #2018127378, attached to Complaint, Docket Entry No. 1-1, p. 1. Section 22.01 of the Texas Penal Code (continued...)

June 11, 2018, with a response stating that the investigation disclosed no violation of TDCJ policy.[5] Pedder filed a Step 2 Offender Grievance Form to appeal that result.[6] Pedder's Step 2 Offender Grievance Form, which was received by prison officials on July 2, 2018, was returned to him on July 17, 2018, because it was filed after the "[g]rievable time period ha[d] expired."[7]

On July 30, 2018, Pedder filed a handwritten letter to the "Resolution Support Manager" of the "Offender Grievance Program," requesting "Investigative Resolution and Inquiry" of his claim that staff members at the Wynne Unit violated the PREA.[8] The Central Grievance Office responded that the issues raised by Pedder were reviewed during the grievance process and that no other administrative remedies were available.[9]

After he complained further to the prison PREA Ombudsman, Pedder was interviewed by Major Daigle, who Pedder describes as the

---

[4](...continued)
defines the offense of "assault." The offense of "sexual abuse" is defined in Section 21.02 of the Texas Penal Code, which criminalizes continuous sexual abuse of a young child.

[5]Step 1 Offender Grievance #2018127378, attached to Complaint, Docket Entry No. 1-1, p. 2.

[6]Step 2 Offender Grievance #2018127378, attached to Complaint, Docket Entry No. 1-1, pp. 3-4.

[7]Id. at 4.

[8]Letter, attached to Complaint, Docket Entry No. 1-1, p. 9.

[9]TDCJ Inter-Office Communication Administrative Review and Risk Management Offender Grievance correspondence, Docket Entry No. 1-1, p. 5.

ranking "Captain of Correctional Officers" at the Wynne Unit.[10] During that interview, which took place on September 6, 2018, Captain Daigle reportedly told Pedder to "shut the fuck up" because the incident in question, which involved a stip search, was not impermissible under the PREA.[11]

On September 10, 2018, Pedder submitted a handwritten letter to Warden Moore objecting to the strip search conducted by Sergeant Marquez and Officer Whitney as well as the comments made by Major Daigle during the PREA investigation.[12] According to Pedder, Warden Moore failed to take any corrective action.[13]

Invoking 42 U.S.C. § 1983, Pedder now seeks a declaratory judgment as well as unspecified compensatory and punitive damages for the violation of his constitutional rights.[14] The court concludes that Pedder's Complaint, which is dated February 7, 2021, must be dismissed because it was untimely filed.

## II. Discussion

Civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001)

---

[10]Complaint, Docket Entry No. 1, pp. 3, 5.

[11]Id. at 5.

[12]Letter, attached to Complaint, Docket Entry No. 1-1, p. 7.

[13]Complaint, Docket Entry No. 1, p. 5.

[14]Id. at 4.

(citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); see also Redburn v. City of Victoria, 898 F.3d 486, 496 (5th Cir. 2018). This means that Pedder had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. See Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).

Federal law determines when a cause of action accrues under § 1983. See Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016). A claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" by actions attributable to the defendant. Piotrowski, 237 F.3d at 576 (internal quotation marks and citations omitted).

The strip search that forms the basis for Pedder's Complaint occurred on April 19, 2018, and the objectionable comments that were made by Captain Daigle during an investigation related to that incident occurred on September 6, 2018.[15] The Complaint, which was not filed until February 7, 2021, is well outside the two-year statute of limitations period that applies to Pedder's claims.[16]

---

[15]Complaint, Docket Entry No. 1, pp. 4-5.

[16]Although the Complaint was received for filing on February 12, 2021, a prisoner's pro se pleadings are considered filed under the prison mailbox rule on the date it is delivered to prison authorities for filing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998). Using the date most favorable to the plaintiff, the court treats the day that Pedder signed the Complaint, February 7, 2021, as the date it was filed. See Complaint, Docket Entry No. 1, p. 6.

When a civil rights lawsuit is brought by an incarcerated person the statute of limitations is tolled during the time that the plaintiff spent exhausting available administrative remedies. See Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (tolling the statute of limitations period for the time plaintiff exhausted his administrative remedies with the prison system) (citing Rodriquez v. Holmes, 963 F.2d 799 (5th Cir. 1992)). TDCJ has a formal two-step administrative grievance process, which prisoners must complete before filing civil rights claims in federal court. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Even with tolling for the time that Pedder's Step 1 and Step 2 Offender Grievances were pending, the Complaint still falls well outside the applicable two-year statute of limitations period.

Because Pedder's claims are barred by the two-year statute of limitations, his Complaint will be dismissed as frivolous. See Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003) (per curiam) (citing Gonzales, 157 F.3d at 1019); see also Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam) ("[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations those claims are properly dismissed" as frivolous.).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by David Clifford Pedder, Jr. (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and (2) the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 28th day of April, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE